UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEYNI HAMANI,<br><br>        Petitioner,<br><br>v.<br><br>KELLEY A. BECKHELM, in his official capacity, Field Office Director, ICE ERO, San Diego; KENNETH C. SMITH; Assistant Field Office Director, San Diego ICE ERO Field Office; JOHN F. KELLY, in his Official Capacity, Secretary of DHS; DANA J. BOENTE, in her Official Capacity, Acting U.S. Attorney General,<br><br>        Respondents. | Case No.: 17-CV-0212-AJB-NLS<br><br>**ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS**<br><br>(Doc. No. 1) |

  Presently before the Court is Petitioner Seyni Hamani's ("Petitioner") petition for writ of habeas corpus under 28 U.S.C. § 2241 ("Petition"). (Doc. No. 1.) On July 6, 2017, Respondents filed a return, informing the Court that Petitioner was scheduled to depart the United States on July 11, 2017. (Doc. No. 3 at 1.) On July 14, 2017, the United States filed a status report, verifying that Petitioner had in fact been removed. (Doc. Nos. 4, 4-1.) Despite being given until August 7, 2017, to file a traverse, Petitioner has not otherwise responded. (*See* Doc. No. 2 at 1.) After a thorough review of the papers and applicable law,

the Court **DISMISSES** the petition for writ of habeas corpus **AS MOOT**.

Petitioner is a native and citizen of Mali. (Doc. No. 1 ¶ 7.) He converted to lawful permanent resident status in 2004, which was subsequently revoked in 2010 based upon a misdemeanor conviction. (*Id.* ¶¶ 7, 14.) Petitioner was placed in removal proceedings and ultimately ordered removed on September 2, 2010. (*Id.* ¶ 14.) Petitioner, however, was not removed and was thus released on March 16, 2011. (*Id.* ¶ 15.) He remained out of custody without issue until June 2016, when ICE officers detained him upon traveling to San Diego, California. (*Id.* ¶ 16.)

On June 15, 2016, ICE issued a notice of revocation of release, asserting Petitioner "failed to assist 'in obtaining a Travel Document from his country of Mali.'" (*Id.*) Petitioner has been in ICE custody since. (*Id.* ¶ 17.) Petitioner asserts that his detention is based on "patently false bases" in violation of his due process rights. (*Id.*) For example, Petitioner contends that ICE misrepresented that Petitioner did not attempt to obtain his travel documents from the Mali embassy, that Petitioner has missed scheduled interviews, or that he is not a citizen of Mali. (*Id.* ¶¶ 16–18.) Petitioner asserts "ICE has been unable to remove [him] from the United States," and Petitioner believes "his removal is not significantly likely to occur in the reasonably foreseeable future." (*Id.* ¶¶ 21, 28.)

"Deportation from the United States after filing a habeas petition" will moot a petitioner's claim unless there is "some remaining 'collateral consequence' that may be redressed by success on the petition." *Abdala v. INS*, 488 F.3d 1061, 1063–64 (9th Cir. 2007) (citations omitted). If "the habeas petition[] raised claims that were fully resolved by release from custody," the petition is moot. *Id.* at 1065. Collateral consequences notwithstanding deportation after the filing of the petition have been found to exist where, for example, a petitioner challenged an aggravated felony conviction, which would bar him from reentering the country for twenty years. *Zegarra-Gomez v. INS*, 314 F.3d 1124, 1127 (9th Cir. 2003). In contrast, petitions were found moot and not saved by the collateral consequences doctrine where, for example, a petitioner requested only a stay of deportation and was later deported, *Hose v. INS*, 180 F.3d 992, 995 (9th Cir.1999), and a petitioner was

released after challenging the legality of his extended detention, *Riley v. INS*, 310 F.3d 1253, 1256–57 (10th Cir. 2002).

Here, Petitioner challenges the legality of his unreasonably long detention. Specifically, Petitioner cites the Supreme Court's decision in *Zadvydas v. Davis*, 533 U.S. 678, 689 (2001), for the proposition that "8 U.S.C. 1231(a)(6) does not allow ICE to detain a noncitizen indefinitely while attempting to carry ou[t] removal." (Doc. No. 1 ¶ 25.) Petitioner contends he is being illegally detained given that his detention exceeded six months and "he is not a risk of flight, danger to the community, nor is there a reasonable likelihood ICE will obtain travel documents for him for Mali." (*Id.* ¶ 18; *see id.* ¶ 28.)

Based on these allegations, the Court construes the petition as challenging the legality of Petitioner's continued detention. Because Petitioner has since been released from custody by virtue of having been removed to Mali, the Petition is moot. *Abdala*, 488 F.3d at 1064; *Riley*, 310 F.3d at 1256–57; *see Adem v. Kane*, No. CIV-14-2472-PHX-GMS (MHB), 2014 WL 12614446, at *1 (D. Ariz. Dec. 22, 2014) (recommending that § 2241 petition be dismissed as moot when petitioner asserting "he is entitled to supervised release from custody because . . . there is no prospect that his removal will be effected in the reasonably foreseeable future" was released from custody), *adopted*, 2015 WL 12838143 (D. Ariz. Jan. 16, 2015).

Based on the foregoing, the Court **DISMISSES** the petition for writ of habeas corpus **AS MOOT**. (Doc. No. 1.) This case is now **CLOSED**.

**IT IS SO ORDERED.**

Dated: August 15, 2017

Hon. Anthony J. Battaglia
United States District Judge